IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT M. BROWN, JR.,

       Plaintiff,

v.                                        Civil Action No. 2:04CV62

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

**PER REMAND**
**MEMORANDUM, OPINION, and REPORT AND RECOMMENDATION**
**SOCIAL SECURITY**

**I.  Introduction**

A.     Background

   Plaintiff, Robert M. Brown, Jr., (Claimant), filed his Complaint on August 24, 2004 seeking

Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner

of Social Security, (Commissioner).[1]  Commissioner filed her Answer on October 26, 2004.[2]

Claimant filed his Motion for Summary Judgment and Brief in Support Thereof on December 28,

2004.[3]  Commissioner filed her Motion for Summary Judgment and Brief in Support Thereof on

January 3, 2005.[4]  Claimant filed his Response to Commissioner's Motion for Summary Judgment

---

[1] Docket No. 1.

[2] Docket No. 6.

[3] Docket Nos. 10 and 11.

[4] Docket Nos. 12 and 13.

on January 18, 2005.[5] Commissioner filed her Reply to Claimant's Motion for Summary Judgment and Reply Brief on January 27, 2005.[6] Claimant filed his Response to Defendant's reply Brief on February 3, 2005.[7] Commissioner filed her Supplemental Memorandum in Response to Claimant's Motion for Summary Judgement on February 15, 2005.[8] Claimant filed his Reply to Commissioner's Supplemental Memorandum on February 23, 2005.[9] The Undersigned filed a Report and Recommendation on June 10, 2005.[10] Claimant filed objections on June 20, 2005.[11] The Honorable Robert E. Maxwell remanded the action to the Undersigned on September 30, 2005[12] for further consideration of the issues raised by Claimant in her objections.

## II.  Facts

Claimant's Objection to Report and Recommendation:

1& 2.  The RFC finding, which precluded light work, was not presented to the vocational expert;

3.  The ALJ erroneously rejected the opinions of Claimant's treating physicians;

4.  The ALJ failed to include Claimant's mental limitations in his RFC finding; and,

---

[5] Docket No. 15.

[6] Docket No. 16.

[7] Docket No. 18.

[8] Docket No. 19.

[9] Docket No. 20.

[10] Docket No. 21.

[11] Docket No. 22.

[12] Docket. No. 23.

5.        The ALJ erred by failing to resolve the conflicts between the VE's testimony and

        the Dictionary of Occupational Titled (DOT).

### III. Recommendation

<u>1 & 2.  Light Work and  Hypothetical</u>

Claimant maintains that the ALJ failed to include the final RFC in the hypothetical posed

to the Vocational Expert (VE).

The ALJ determined that Claimant retains the following RFC:

> [H]e is able to perform the demands of light work with certain modifications.  He
> must be allowed to sit or stand at will during the workday.  He can perform no
> climbing.  He must avoid hazards, such as dangerous or moving machinery and he
> must work in a controlled environment.  He is limited to unskilled, low stress,
> entry-level work that involves one-to two-step work processes and routine,
> repetitive tasks, primarily working with things rather than people. (Tr. 26).

Claimant argues that allowing to sit or stand at will during the workday is totally

different then  allowing a sit/stand option.   The Court in <u>Alexander v. Barnhart</u>, 287 F. Supp. 2d

944, 949 n.6 (E.D. Wis. 2003), stated that "[s]ome individuals must, due to their impairments, go

regularly from a seated to a standing position and vice versa.  If the need to change positions

cannot be 'accommodated by scheduled breaks and a lunch period,' SSR 96-9p, the person needs

a so-called 'sit/stand option.' i.e. the ability to change positions essentially at will."  Therefore,

the Undersigned finds that the ALJ properly included Claimant's RFC in the hypothetical posed

to the VE.

Claimant next contends that, because in this case "the RFC in the decision allows

[Claimant] to sit ALL OF THE TIME not just 'most of the time,'" the finding in the decision

precludes light work and limits Claimant to sedentary work.  (Claimant's Objection to Report

and Recommendation at 2-3).

The Undersigned noted that a finding that Claimant has the residual capacity for light work includes a finding that he has a capacity for sedentary work. See 20 C.F.R. §§ 404.1567(b); Blacknall v. Heckler, 721 F.2d 1179, 1181 (9th Cir. 1983). Although Claimant claims that the ALJ's hypothetical is inconsistent with SSR 83-12, the Court notes that SSR 83-12 simply explains that a claimant who must have the freedom to alternate sitting and standing "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work." SSR 83-12 does not say that a sit or stand option is inconsistent with all light work. Instead, it recommends that, where there is "an unusual limitation of ability to sit and stand," a vocational specialist be consulted "to clarify the implications for the occupational base." Id. Additionally, the courts have held that in the case of an applicant who cannot sit or stand indefinitely, a vocational expert or other appropriate guide or source must be consulted to determine whether there are sufficient jobs in the national economy that the applicant is physically capable of holding to justify a conclusion that he is not disabled. See e.g., DeFrancesco v. Bowen, 867 F.2d 1040, 1045 (7th Cir. 1989); Soliz v. Chater, 82 F.3d 373 (10th Cir. 1996); Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996); Jesurum v. Secretary of Health & Human Services, 48 F.3d 114, 120 (3rd Cir. 1995).

This is precisely what the ALJ did in the case at bar. He consulted a vocational expert in an effort to discover whether there were any jobs in sufficient numbers in the economy that Claimant could perform. The expert was asked to determine hypothetically whether an individual of Claimant's age, education, and physical limitations retained the residual functional

capacity to be employed and, if so, whether there existed a sufficient number of those jobs in the area. The ALJ was not required to conclude that Claimant could only perform sedentary jobs because he is unable to perform all light work jobs. The ALJ could identify jobs within the light work category that correlate to Claimant's particular limitations and abilities. In fact, the VE was able to identify jobs in the light work category that correspond to Claimant's limitations. Therefore, the ALJ's hypothetical appropriately included relevant considerations supported by the record.

### 3. Treating Physician and Psychiatrist

Claimant first asserts that the ALJ failed to properly evaluate Claimant's treating physician Dr. Arnett.

The opinion of a treating physician will be given controlling weight if the opinion is 1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and 2) not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). See also Evans v. Heckler, 734 F.2d 1012 (4th Cir. 1984); Heckler v. Campbell, 461 U.S. 458, 461 (1983); Throckmorton v. U.S. Dep't of Health and Human Servs., 932 F.2d 295, 297 n.1 (4th Cir. 1990). The implementing regulations of the Social Security Act make clear that the Commissioner is ultimately "responsible for making the determination or decision about whether you meet the statutory definition of disability.... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

Dr. Arnett opined that Claimant would need to be able to sit for eight hours and stand/walk for two hours in an eight hour day according to Dr. Arnett's best estimate. The ALJ

5

agreed "with Dr. Arnett that the claimant would need to change position during the workday and would therefore need a job where he could sit or stand at will." (Tr. 23). As discussed above that sit/stand limitation was properly incorporated into Claimant's RFC and the hypothetical posed to the VE.

Dr. Arnett also opined that Claimant will probably be an unreliable worker predominantly due to his seizure disorder. The ALJ considered Claimant's inconsistent statements regarding the frequency of his seizures, that an increase in medication decreased the frequency, and that Claimant did not start treatment until December 2002. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the court's judgment for that of the Secretary. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, the ALJ concluded that Claimant "has failed to establish that any unreliability associated with his seizures will last for a continuous period of at least 12 consecutive months after he started receiving treatment." (Tr. 23). Therefore, the ALJ properly evaluated Dr. Arnett's opinion.

Claimant also contends that the ALJ erred to properly evaluate Claimant's treating psychiatrist Dr. Powell's opinion. Following his review of the record, the ALJ concluded Dr. Powell's opinions "are not supported by any detailed findings on mental status examination or other testing" and are inconsistent with other substantial evidence in the case record. (Tr. 23). Therefore, the ALJ afforded proper weight to Dr. Powell's opinion.

Finally, Claimant cites Grimmett v. Heckler, 607 F.Supp. 502, 503 (S.D.W.Va. 1985), for

6

the proposition that, "the ALJ has taken it upon himself to play doctor and diagnose Brown's condition." (Cl.'s Objection at 7). In this case, however, the ALJ's finding is based on the evidence and is not a substitution of his opinion. Therefore, the ALJ properly evaluated the opinions of Claimants physicians..

### 4. Mental Limitations

Claimant argues that the ALJ failed to include any actual mental limitations in his RFC and erred by basing the hypothetical on categories of work rather then actual limitations.

In this regard, Claimant relies on Burns v. Barnhart, 312 F.3d 113 (3d Cir. 2002). In Burns, the Court held that the phrase "simple, routine, repetitive work" was not sufficiently descriptive of the claimant's medically established impairments related to borderline functioning in the areas of reliability, common sense, ability to function independently and judgment, combined with manifestations of flightiness, disassociation, oppositional tendencies and difficulties in comprehension. Id. at 123. Burns requires that a hypothetical include all of the claimant's credibly established limitations, but does not require that the vocational expert be apprised of limitations which have been determined not to affect the claimant's RFC. In that case, the ALJ specifically found that Claimant's RFC was limited by "borderline intellectual functioning" but did not critically evaluate the additional functional limitations supported by the psychiatric evaluation submitted as the sole evidence of claimant's mental limitations. Id. at 121.

Claimant also relies on Elswick v. Apfel, 109 F. Supp.2d 476 (S.D.W.V. 2000). In that case, although the ALJ found that plaintiff had deficiencies of concentration, persistence and pace, this finding was never presented to the vocational expert. Id. at 481-482. Therefore, the

7

Court ordered the ALJ to include in a hypothetical question his finding that plaintiff suffers from deficiencies in concentration, persistence and pace. Id.

Claimant's reliance on these cases is misplaced. These cases do not stand for the proposition that the ALJ has to detail Claimant's actual diagnoses to the VE instead of accommodating Claimant's impairments into categories of work. In the present case, the hypothetical directly tracks the RFC finding. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the court's judgment for that of the Secretary. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit Court of Appeals has held, albeit in unpublished opinion, that while questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record. Russell v. Barnhart, No. 02-1201, 2003 U.S. App. LEXIS 2178 (4th Cir. Feb. 7, 2003). The court further stated that the hypothetical question may omit non-severe impairments, but must included those that the ALJ finds to be severe. Id. Finally, the ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at * 5 (4th Cir. Jan. 11, 1999).

In the present case, the hypothetical was based directly on the ALJ's findings at the fourth step of the disability evaluation and addressed all of Claimant's limitations supported by the record. These findings were based on the ALJ's comprehensive review of the objective

medical evidence, functional assessments of consulting and treating physicians and Claimant's

account of his daily activities.  Therefore, the ALJ properly determined Claimant's RFC and

posed a proper hypothetical question to the Vocational Expert.

5.  Dictionary of Occupational Titles

Claimant maintains that the ALJ erred by failing to resolve the conflicts between the

VE's testimony and the Dictionary of Occupational Titled (DOT).

SSR 00-4p states, in part, that "occupational evidence provided by a VE . . . should be

consistent with the occupational information supplied by the DOT.  When there is an apparent

unresolved conflict between VE and VS evidence and the DOT, the adjudicator must elicit a

reasonable explanation for the conflict before relying on the VE or VS evidence to support a

determination or decision about whether the claimant is disabled."  Moreover, "[e]vidence from

VEs or VSs can include information not listed in the DOT.  The DOT contains information about

most, but not all, occupations.  The DOT's occupational definitions are the result of

comprehensive studies of how similar jobs are performed in different workplaces.  The term

'occupation,' as used in the DOT, refers to the collective description of those jobs.  Each

occupation represents numerous jobs. Information about a particular job's requirements or about

occupations not listed in the DOT may be available in other reliable publications, information

obtained directly from employers, or from a VE's or VS's experience in job placement or career

counseling. The DOT lists maximum requirements of occupations as generally performed, not

the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or

other reliable source of occupational information may be able to provide more specific

information about jobs or occupations than the DOT."  SSR 00-4p.

In this case, the VE testified that someone with Claimant's limitations could perform the jobs of a price marker and a hand packer. Claimant argues that Claimant's RFC is not consistent with these jobs because of the sit/stand option. As discussed above, the ALJ properly accounted for the sit/stand limitation in Claimant's RFC and in the hypothetical to the VE.

Claimant also asserts that the job of price marker "requires the worker to 'carry out detailed but uninvolved written or oral instruction,'" which, Claimant argues, is "clearly inconsistent with the RFC finding of the ALJ." (Claimant's Objection at 12). However, Claimant does not explain how requiring a worker to carry out detailed but uninvolved written or oral instructions is "clearly inconsistent with the RFC finding of the ALJ." The Undersigned finds the job of price marker is a job that Claimant can perform.

Claimant also argues that the job of hand packer is medium unskilled work and not light unskilled work in contradiction with Claimant's RFC. However, the job description also states that hand packing could be done in any industry. While there is a range of packer positions, the DOT lists the following positions as "light": DOT 920.685-038 "Case Packer and Sealer" (light work); DOT 784.687-042 "Inspector-Packer" (light work); DOT 920.685-054 "Cotton Roll Packer" (light work); DOT 920.687-082 "Dental Floss Packer" (light work); DOT 559.687-074 "Inspector and Hand Packager" (light work).

The foregoing positions identified by the VE match those that can be performed by an individual with Claimant's limitations. Therefore, the job of hand packager is also a job that Claimant can perform.

Since there is no inconsistency between the VE's testimony and the listings in the DOT, the ALJ was under no duty to resolve any conflict.

10

For the foregoing reasons, I recommend that Claimant's Motion for Summary Judgment be DENIED and Commissioner's Motion for Summary Judgment be GRANTED because the ALJ was substantially justified in his decision.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.   A copy of such objections should be submitted to the District Court Judge of Record.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: February 9, 2006

/s/ James E. Seibert
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE